```
                                                      ┌──────────────────────────────────┐
                                                      │ USDC SDNY                          │
                                                      │ DOCUMENT                           │
UNITED STATES DISTRICT COURT                          │ ELECTRONICALLY FILED               │
SOUTHERN DISTRICT OF NEW YORK                         │ DOC #: _____            │
-------------------------------------------------- X  │ DATE FILED: 5/22/2020              │
                                            :         └──────────────────────────────────┘
DELTA AIR LINES, INC.,                      :
                                            :
                              Plaintiff,    :              1:20-cv-3025-GHW
                                            :
              -against -                     :         MEMORANDUM OPINION &
                                            :                 ORDER
BOMBARDIER, INC.,                           :
                                            :
                              Defendant.    :
                                            :
-------------------------------------------------- X
```

GREGORY H. WOODS, United States District Judge:

One distinguishing facet of the American legal system is its commitment to public access to the trial process. This legacy of "open justice" is as old as America itself. *See, e.g.*, *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 590 (1980) (Brennan, J. concurring). Delta Air Lines, Inc. ("Delta") has chosen to bring its breach of contract claim in one of these open, federal courts, but asks that all of the details of the contract at issue remain sealed. Because Delta has not overcome the strong presumption to public access that attaches to its complaint, its motion to seal is DENIED.

## I.   BACKGROUND

The facts at issue in this case are relatively simple. Plaintiff filed a complaint on April 14, 2020, and asked Judge Broderick, the Part I Judge on duty, to seal the case because it contained references to sensitive information about the pricing and structure of an airplane purchasing agreement. Judge Broderick did—provisionally. *See* Sealing Order. After the case was assigned to this Court, Plaintiff asked "to have the case administratively opened on Pacer," and proposed filing a redacted complaint on the public docket. April 28, 2020 Ltr at 2.

In response, this Court explained, in several memorandum endorsements, the following: first, Judge Broderick's order sealed the case "until further order of the Court"—explicitly

acknowledging that the judge eventually assigned the case may order it unsealed; second, the Court had not been provided with support for Plaintiff's application to seal the complaint; and third, that a presumption of public access attaches to judicial documents, and counsel might query whether they need to include specific financial information in the complaint for it to be properly pleaded subject to the Federal Rules of Civil Procedure.

Plaintiff provided the Court with the materials that it submitted to Judge Broderick in support of its original application to file the case under seal, and asserted in its cover letter that the complaint absolutely had to include detailed information about the contract's "unique and multi-faceted pricing structure, as that structure is integral to Delta's claims." April 20, 2020 Ltr. at 1.

## II.     LEGAL STANDARD

There is a long-established "general presumption in favor of public access to judicial documents." *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016). The Second Circuit has defined "judicial documents" as documents filed with a court that are "relevant to the performance of the judicial function and useful in the judicial process[.]" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quotation omitted); *see also Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 620–621 (S.D.N.Y. 2011). The presumption of access is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quotation omitted); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814

F.3d 132, 141 (2d Cir. 2016) (requiring that a court make specific, rigorous findings before sealing a document or otherwise denying public access).  Higher values that may justify the sealing of documents include national security concerns, attorney-client privilege, law enforcement interests, or the privacy interests of third-parties.  *See E.E.O.C. v. Kelley Drye & Warren LLP,* No. 10 Civ. 655 (LTS) (MHD), 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2, 2012) (collecting cases).

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action[.]"  *DiRussa v. Dean Witter Reynolds Inc.,* 121 F.3d 818, 826 (2d Cir. 1997).  To meet its heavy burden, the moving party "must offer specific facts demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Wells Fargo Bank, N.A. v. Wales LLC,* 993 F. Supp. 2d 409, 413 (S.D.N.Y. 2014) (quotation omitted).  "[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."  *Nixon v. Warner Commc'ns,* 435 U.S. 589, 599 (1978).

In *Mirlis v. Greer,* the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars disclosure.  *See* 952 F.3d 51, 59 (2d Cir. 2020).  First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process."  *Id.* (quotation omitted).  Second, the Court "proceeds to 'determine the weight of the presumption of access to that document.'"  *Id.* (quoting *United States v. Erie Cty.,* 763 F.3d 235, 239, 241 (2d Cir. 2014)).  "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'"  *Id.* (quoting *Amodeo,* 71 F.3d at 1049).  "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those

3

factors against the weight properly accorded the presumption of access." *Id.*

### III.     ANALYSIS

Delta has failed to meet its burden of proof that its complaint should be sealed.  Step one of the Circuit's test is easily satisfied:  the information Plaintiff seeks to seal is contained in a complaint, obviously a judicial document that is both "relevant to the performance of the judicial function and useful in the judicial process[.]"  *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)

With respect to step two, the presumption of public access to the information Delta seeks to shield from the public has extraordinarily substantial weight.  Any decision that the Court makes in this matter will necessarily touch on its interpretation of the contract at issue and its terms— including the specific language that Plaintiff has requested be redacted.  *Cf. Amodeo*, 71 F.3d at 1050 ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason."); *KeyBank Nat'l Ass'n v. Element Transp. LLC*, No. 16 Civ. 8958 (JFK), 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (document's "irrelevance to the issues before the Court . . . places the presumption of public access at the nadir of the continuum of the weight to be given to the presumption").  Delta recognizes that fact.  Indeed, in its own words, the details of the "unique and multi-faceted pricing structure" in the purchasing contract "is integral to Delta's claims."  April 30, 2020 Ltr. at 2.[1]

The Court cannot reach a decision regarding a contract's interpretation without examining

---

[1] As a practice point, it is not entirely clear to the Court why all of the specific details about the economics of Delta's contracts were necessarily included in the complaint itself.  Perhaps counsel is right to insist otherwise—the Court takes no position on the adequacy of a hypothetical alternative—but Federal Rule of Civil Procedure 8 requires that a complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Presumably counsel could have drafted the complaint with references to specific numbered clauses in the contract that Bombardier was alleged to have breached, rather than recite their content in great detail.  While the Court would ultimately be required to examine the relevant provisions of the agreement, Delta might have delayed disclosure of the contract's specific terms until later in the litigation.

the contract; Delta cannot expect the Court to decide the principle issue in its case in secret.  The presumption of public access to the structure and operation of the disputed contractual provisions at issue in this case is therefore extremely high.  The weight of the presumption is arguably less with respect to the few references to the approximate amount at issue in the dispute that Delta proposes to shelter.

Step three of the Circuit's test requires that the Court consider the countervailing interests that weigh against public disclosure.  The motion to seal is surprisingly lacking in particularity, despite the Court's invitation to submit supplemental briefing in support of the application. Regardless, Delta relies primarily on two countervailing interests:  1) the fact that disclosure would cause both Delta and Bombardier, Inc. ("Bombardier") competitive harm, and 2) an unqualified confidentiality provision in the purchasing contract at issue forbidding either party from disclosing its terms or conditions.

First, the Court acknowledges that courts "routinely permit parties to redact sensitive financial information" from public filings.  *Graczyk v. Verizon Commc'ns, Inc.*, No. 18 Civ. 6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (collecting cases).  But Delta has provided the Court with only a single affidavit from the Head of Legal Services at Bombardier, reiterating that the terms and conditions of this contract are heavily negotiated and must remain confidential lest the parties "be at a decided disadvantage in negotiation transactions with other purchasers."  Christian Poupart Decl. ¶¶ 7, 13–15.  Although this argument is compelling, it does not override the extraordinary substantial weight this Court accords to the presumption of public access given the centrality of nearly all the proposed redactions to the parties' dispute.   And there is no support for Delta's conclusory assertions that all of the proposed redactions—even those seeking to conceal generic references to the amount of money at stake in this litigation—are necessary to avoid causing either party competitive harm.  Many of the redactions are broad, non-specific

5

references to general terms in the contract.  And the references to the dollar amounts involved in the dispute are only generic references to their order of magnitude.

Second, though Delta asserts that "[t]he Purchase Agreement contains an unqualified confidentiality provision forbidding either party from disclosing the terms or conditions of the Agreement," April 30, 2020 Ltr. at 2, the mere "existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access," *Alexandria Real Estate Equities, Inc. v. Fair*, No. 11 Civ. 3694 (LTS), 2011 WL 6015646, at *2 (S.D.N.Y. Nov. 30, 2011).  Courts in this district have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents.  *See Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 414 (S.D.N.Y. 2014); *see also Aioi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co.*, No. 12 Civ. 3274 (JPO), 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012) ("[W]hile enforcement of contracts is undeniably an important role for a court, it does not constitute a 'higher value' that would outweigh the presumption of public access to judicial documents . . . . Respondents may have an action for breach of contract against [petitioner] for its alleged failure to adhere to its obligations under the confidentiality agreement—the Court makes no finding whatsoever on that question.").  And the text of the clause itself provides that the agreement "is confidential between the parties . . .except . . . as may be required by any statute, court or administrative order or decree or governmental ruling or regulation of any applicable jurisdiction . . . ."  Poupart Decl. ¶ 20.  In other words, while the agreement might prohibit the *parties* from disclosing its terms, contrary legal obligations, including the presumption of public access, can qualify that prohibition.  If the Court was to read the agreement as contracting away or rebutting the presumption of public access, "then it would not only eviscerate an express exception to that prohibition, but also sanction a loophole under which contracting parties could insert confidentiality clauses in their agreements in order to thwart the common law right of public access to judicial

6

documents that is said to predate the Constitution." *Rapaport v. Barstool Sports, Inc.*, No. 18 Civ. 8783 (NRB), 2020 WL 1082608, at *2 (S.D.N.Y. Mar. 2, 2020) (internal quotation marks and alterations omitted).

Delta argues that the Court can adjudicate the contractual provisions in dispute in this case without disclosing them to the public because it is not required to disclose that information in its public filings with the Securities and Exchange Commission.  As Delta put it, "[t]he same considerations that exempt contract prices from public disclosure to the investing public also support confidential treatment of this lawsuit.  The general public's interest in monitoring civil litigation dockets should be no greater than the investing public's interest in knowing the details of multi-billion dollar transactions."  April 30, 2020 Ltr. at 3.

Of course, Delta offers no legal citation in support of this airy statement.  Instead, this position seems to reflect the personal opinion of the company or its counsel.  *Id.* ("The general public's interest . . . *should be* . . . ." (emphasis added)).  This take suggests a fundamental misunderstanding of the nature of the presumption of public access to judicial documents in federal litigation—a doctrine with longer pedigree than the federal securities laws, and one with Constitutional import.  The question here is not whether Delta is required to disclose this information to the investing public regardless of whether or not it wants to do so—the question is whether Delta can bring the Court a dispute to adjudicate in secret.  The answer to that question is clear:  "The act of bringing suit in a United States District Court is inherently a public act.  It invokes the Court's jurisdiction and asks that a constitutional officer, an Article III judge whose compensation is paid by the public, preside over a case or controversy in a public courthouse." *Bunkers Int'l v. Orient Oil, No.*, 08 Civ. 10905 (PKC), 2008 WL 5431166, at *1 (S.D.N.Y. Dec. 23, 2008).

Delta has not provided the Court with sufficient justification to warrant overcoming the

strong presumption of public access to the information contained in its complaint.  Nor has Delta

sufficiently narrowly tailored the information it seeks to shield from public access.  Thus, Delta's

motion is denied.

### IV.   CONCLUSION

This Court is not a Star Chamber.  Because Plaintiff has not rebutted the presumption of

public access, its motion to seal its complaint is denied.

The Clerk of Court is directed to immediately unseal this case and post the redacted version

of the complaint submitted by Delta, along with this order, on the docket of this case.  Five days

from the date of this order, Delta is directed to file a fully unredacted version of thE complaint,

along with all other documents filed under seal in this case, on the public docket.  The Court would

consider a further application to redact the specific dollar references in the complaint—the feature

of the proposed redactions with respect to which the Court has accorded the least weight for the

presumption of public access.  Any such application should be made in accordance with the Court's

individual rules of practice in civil cases.

Plaintiff is directed to serve a copy of this order, and all of the Court's prior orders in

connection with this application, on Defendant and to retain proof of service.

SO ORDERED.

Dated:  May 22, 2020

_____
GREGORY H. WOODS
United States District Judge

8