Troutman Sanders LLP
875 Third Avenue
New York, New York  10022



troutman.com

**Stephen G. Rinehart**
stephen.rinehart@troutman.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/27/2020

# MEMORANDUM ENDORSED

May 26, 2020

**VIA ECF**

Hon. Gregory H. Woods
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

Re:    ***Delta Air Lines, Inc. v. Bombardier Inc.***, Case No. 20-cv-3025

Dear Judge Woods:

Pursuant to this Court's Order dated May 22, 2020 (the "Order") and Rule 4.A.ii. of the Court's Individual Rules of Practice in Civil Cases, Plaintiff Delta Air Lines, Inc. ("Delta") respectfully submits this application to redact the specific dollar references in its complaint.  In accordance with the Court's Individual Rules of Practice in Civil Cases, Delta has contemporaneously filed through the ECF system a copy of the complaint with the proposed redactions and electronically filed under seal a copy of the unredacted complaint with the redactions highlighted.

On May 22, 2020, this Court issued the Order denying Delta's Motion to Seal the Complaint.  While the Court held that Delta had not overcome the presumption of public access to the information contained in the complaint, it also recognized that the weight of the presumption of public access is less with respect to the specific dollar references in the complaint.  Order at 5, 8.  Accordingly, the Court stated that it would "consider a further application to redact the specific dollar references in the complaint."  Order at 8.

In this application and the highlighted complaint that accompanies it, Delta seeks to redact just four specific dollar references in the complaint. These dollar references reflect an estimate of the total value of the goods and services credits that Bombardier Inc. ("Bombardier") has issued to Delta under the parties' aircraft purchase agreement, which Bombardier now refuses to honor. Unlike the terms of the parties' aircraft purchase agreement, these specific dollar values do not speak to the "structure and operation of the disputed contractual provisions at issue in this case." *See id.* at 5. Rather, the specific dollar references reflect pricing terms that, if disclosed to the public, could adversely impact Delta's and Bombardier's negotiating position in future transactions.



Neither party has publicly disclosed the existence of the goods and services credits, let alone their value. The harm threatened by disclosure of specific, carefully bargained-for pricing terms "outweighs the public's interest in access to it and, thus, the information should be sealed." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (finding that information regarding the "rates charged and incentives offered to cable operators" by HBO constitutes a trade secret that should be sealed due to the economic harm its release could cause HBO); *see also GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (concluding that material concerning, among other things, a party's costs is a trade secret that should remain under seal). Accordingly, Delta respectfully requests that the Court redact the specific dollar references in the complaint.

We thank the Court for its consideration of this request.

Respectfully submitted,


TROUTMAN SANDERS LLP
Attorneys for Delta Air Lines, Inc.


By: /s/ Stephen G. Rinehart


cc:

Eric Fishman
Anne Lefever
31 West 52nd Street
New York, NY 10019
(212) 858-1000


The Court has already described the factors it must consider in determining whether a document may be sealed from the public. *See generally* Dkt. No 3. In brief, although the complaint is a judicial document, the Court accords very little weight to the presumption of public access to the specific dollar amount at stake in this litigation on the basis of the information currently before it. Unlike the terms of the contract, this number is unlikely to factor into the Court's determination of whether Defendant breached the terms of its contract with Plaintiff. Finally, Delta has again provided no new evidence supporting its generic contention that disclosure of this amount will result in competitive injury to the parties here, but because the Court assesses the weight of the presumption of public access as relatively low on the basis of the information currently before it, this failure does not impair its application. The Court's evaluation of the weight of the presumption, and the propriety of sealing this information, may change if it is presented with additional information that affects its assessment. Plaintiff is directed to file the proposed redacted complaint on the public docket forthwith, and in any event no later than June 1, 2020.

SO ORDERED.
Dated: May 27, 2020

GREGORY H. WOODS
United States District Judge