Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street  |  New York, NY 10019-6131  |  tel 212.858.1000  |  fax 212.858.1500

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/19/2020
```

**MEMORANDUM ENDORSED**

Anne C. Lefever
tel: 212.858.1267
anne.lefever@pillsburylaw.com

August 17, 2020

**VIA CM/ECF**
Hon. Gregory H. Woods
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street
New York, NY 10007

    Re:  *Delta Air Lines, Inc. v. Bombardier Inc.,* No. 1:20-cv-3025

Dear Judge Woods:

We represent Defendant Bombardier Inc. in the above-referenced matter, and write pursuant to Rule 4(A)(ii) of Your Honor's Individual Rules of Practice, as well as this Court's orders dated May 22, 2020 (the "May 22 Order") and May 27, 2020 (the "May 27 Order"), to request leave to file under seal four documents with narrowly tailored redactions of pricing references, and to file redacted versions of the same documents (the "Redacted Exhibits") attached hereto.  Plaintiff Delta Air Lines, Inc. consents to this request.

These Redacted Exhibits, which are annexed to the Declaration of Anne C. Lefever, are:

(i)    Ex. 4, Letter Agreement No. LA-C0922-01, dated April 27, 2016;
(ii)    Ex. 5, Letter Agreement No. LA-C0922-07, dated April 27, 2016;
(iii)    Ex. 6, Letter Agreement No. LA-C0922-20, dated April 27, 2016; and
(iv)    Ex. 8, Contract Change Order No. 3 re. PA-C0922, dated December 31, 2018.

Under Rule (4)(A)(ii) of Your Honor's Individual Rules of Practice, a party seeking to file any document under seal must address the presumption in favor of public access to judicial documents. The Second Circuit set forth the relevant standard in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  Under *Lugosch,* "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119).  A court balances this common law presumption of access against competing comparisons, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).  Thus, the issue is

August 17, 2020
Page 2

whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 649-50.

In its May 22 Order, this Court stated that it would consider an application by Plaintiff to redact "the specific dollar references" in the Complaint, noting that such dollar references were "the feature to which the Court has accorded the least weight for the presumption of public access." Dkt. No. 3 at 8. In its May 27 Order, the Court granted Plaintiff's application to seal pricing information in the Complaint, in part because the redacted dollar references were "unlikely to factor into the Court's determination of whether Defendant breached the terms of its contract with Plaintiff." Dkt. No. 12 at 2. These Orders are in harmony with a wide body of case law holding that, with respect to sealing pricing terms, privacy interests outweigh the presumption of public because the parties' "competitive position[s] would be affected at most, if not all, economic levels, vis-a-vis their direct and indirect competitors, upstream suppliers and downstream customers." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 609, 614 (S.D.N.Y. 1998) (granting motion to seal "rates charged and incentives offered to cable operators (or disclosure of information from which those rates could be obtained) [that] would hinder HBO's ability to obtain favorable rates from cable operators and other service providers"); *see also GoSMiLE, Inc.* at 649-50 (finding the "privacy interests of the defendants outweigh the presumption of public access" for documents containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *Time Inc. Retail v. Newsways Servs.*, No. 16-CV-9479 (VSB) (JLC), 2018 WL 316995, at *3 n.4 (S.D.N.Y. Jan 8., 2018) (accepting plaintiff's redactions to "preserve sensitive pricing . . . information" that would otherwise allow competitors to calculate the sums plaintiff charged and refunded to defendant).

Here, Defendant seeks to redact the same specific dollar references that this Court previously sealed, as well as additional dollar references of the exact same nature, that Bombardier does not believe will factor into the Court's ruling on the Motion to Dismiss the Complaint. Defendant also deliberately drafted its Memorandum of Law in Support of Motion to Dismiss to avoid citing any dollar references, so as to minimize the volume of material to be filed under seal and preserve public access to the arguments that form the basis for the motion.

Accordingly, Defendant respectfully requests that Your Honor permit Bombardier to file under seal the highlighted, unredacted versions of Exs. 4, 5, 6, and 8, and file the redacted versions of these exhibits attached hereto, which Bombardier believes conform with this Court's May 22 and May 27 Orders. No previous requests by Defendant for this relief have been made.

Respectfully Submitted,

*/s/ Anne C. Lefever*
Anne C. Lefever

cc: All counsel of record (via CM/ECF)

www.pillsburylaw.com

Application granted. The Court has previously described the factors it must consider in determining whether a document may be sealed from the public. *See generally* Dkt. No 3. Here, Defendant seeks to redact the same dollar references at issue in the Court's May 27, 2020 order, and additional dollar references of the same nature. Therefore, for the reasons stated in that order, Defendant's request to file under seal the highlighted, unredacted versions of Exhibits 4, 5, 6, and 8, and file the redacted versions of the same documents, is granted. The Court's evaluation of the weight of the presumption of public access, and the propriety of sealing this information, may change if it is presented with additional information that affects its assessment.
SO ORDERED.

Dated: August 19, 2020
New York, New York

GREGORY H. WOODS
United States District Judge