MANDATE

21-1028
*Delta Air Lines Inc. v. Bombardier Inc.*

1:20-cv-03025-GHW

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of November, two thousand twenty-one.

PRESENT:

    JOHN M. WALKER, JR.,
    RICHARD C. WESLEY,
    SUSAN L. CARNEY,
        *Circuit Judges.*

_____

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Dec 14 2021

DELTA AIR LINES, INC.,

    *Plaintiff-Appellant*,

        v.                         No. 21-1028

BOMBARDIER INC.,

    *Defendant-Appellee.**

_____

FOR APPELLANT:    MISHA TSEYTLIN (Stephen G. Rinehart, David E. Meadows, Alexandra S. Peurach, Kevin M. LeRoy, *on the brief*), Troutman Pepper Hamilton Sanders LLP, Chicago, IL.

---

* The Clerk of Court is directed to amend the case caption to conform to the above.

MANDATE ISSUED ON 12/14/2021

Case 1:20-cv-03025-GHW   Document 69   Filed 12/14/21   Page 2 of 4

FOR APPELLEE:	ANNE C. LEFEVER (Eric X. Fishman, *on the brief*), Pillsbury Winthrop Shaw Pittman LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Woods, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 26, 2021, is **AFFIRMED**.

Delta Air Lines, Inc. ("Delta") appeals from the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) of its breach of contract claims against Bombardier Inc. ("Bombardier"), a Canadian corporation and a former manufacturer of commercial jets. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

Bombardier manufactured two types of aircraft platform operated by Delta: (1) Canadian Regional Jets ("CRJs") and (2) a more recently developed "C-Series" aircraft. In 2016, Delta and Bombardier entered into the Purchase Agreement (the "Agreement") in which Delta agreed to purchase at least 75 (and up to 125) C-Series aircraft from Bombardier. In the Agreement, Bombardier promised to issue Delta goods and services credits ("G&S Credits") that Delta could apply to "the purchase price of goods and/or services (excluding aircraft) purchased directly from Bombardier." Joint App'x at 244. Within months of executing the Agreement, Bombardier—acting with Delta's consent—assigned all of its rights, title, interests, and duties under the Agreement to another entity: the C-Series Aircraft Limited Partnership ("CSALP"), jointly owned by Bombardier and the government of Quebec and the new entity responsible for the C-Series aircraft program. In 2017, Bombardier entered into an agreement with Airbus, a different aircraft manufacturer, through which Airbus acquired a 50.01% interest in CSALP.

At the end of 2018, Delta and CSALP amended the Agreement by executing a Contract Change Order that added the term "Seller" to the Agreement, provided that "'Seller' shall mean, [CSALP]" and stated with respect to the Agreement that "'Bombardier'

2

shall be deemed to be a reference to 'Seller.'" Joint App'x at 269–70. In 2019, Airbus renamed CSALP the "Airbus Canada Limited Partnership" ("Airbus Canada"), and later that year, Delta and Airbus Canada amended the Agreement further and redefined "Seller" to mean "Airbus Canada" instead of "CSALP."

In 2020, Airbus acquired the remainder of Bombardier's interest in Airbus Canada, leaving Bombardier with no ownership interest in the new C-Series program. Also in 2020, Bombardier sold to Mitsubishi its older, CRJ-series aircraft manufacturing program, including all maintenance, support, marketing, and sales activities for the CRJ-series aircraft.

In its Amended Complaint, Delta alleges primarily that in 2019 Bombardier breached the Agreement and the associated 2016 agreement assigning Bombardier's rights, title, interests, and duties to CSALP by refusing to apply G&S Credits Delta received upon delivery of C-Series aircraft to CRJ-related goods and services that Delta wished to purchase from Bombardier. Delta alleges that Bombardier committed a second breach of the Agreement when it sold its CRJ-series program to Mitsubishi without first obtaining written assurances from Mitsubishi that it would honor various obligations to Delta that were originally undertaken by Bombardier.

The district court granted Bombardier's motion to dismiss, concluding that Delta's agreement with Airbus Canada—and in particular the contract amendment providing that "'Bombardier' shall be deemed to be a reference to 'Seller,'" Joint App'x at 269–70—unambiguously relieved Bombardier of its obligation under the Agreement to apply G&S Credits provided to Delta upon delivery of C-Series aircraft and to procure certain written assurances from Mitsubishi. Delta now appeals.

We review *de novo* a district court's dismissal of a complaint under Rule 12(b)(6), accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *See Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012). Upon such review, we affirm. We conclude, for substantially the reasons stated by the district court in its well-reasoned opinion, that Delta has failed to state an

3

actionable claim under the governing documents and that amending the complaint would be futile.

* * *

We have considered all of Delta's arguments and find in them no basis for reversal. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit